UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA MARTIN, et al., <br> Plaintiffs, <br> v. <br> DPR CONTRUCTION, et al., <br> Defendants. | Case No. 19-cv-03254-HSG <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 39 |

Pending before the Court is Defendant DPR Construction's motion to dismiss Plaintiffs' third cause of action for breach of contract. *See* Dkt. No. 39. The Court held a hearing on the motion on December 12, 2019, and denied the motion on the record. *See* Dkt. No. 53. For the reasons discussed during the hearing and as further detailed below, the Court **DENIES** the motion to dismiss the third cause of action.

## I. BACKGROUND

Plaintiffs Brenda Martin and the Estate of Bernard Martin filed this ERISA action on June 10, 2019, seeking life insurance and terminal illness benefits allegedly due to Mrs. Martin as Mr. Martin's widow and sole beneficiary. *See* Dkt. No. 1. Mr. Martin was a construction superintendent for Defendant DPR Construction and filed claims for short- and long-term disability when he developed terminal esophageal cancer. *See* Dkt. No. 33 ("FAC"). Plaintiffs allege that Defendants DPR Construction and Life Insurance Company of North America ("LINA"), the plan administrator, failed to provide Mr. Martin with notice of how to keep his benefits under the plan while he was out on leave with terminal cancer, despite their knowledge of his illness. *See id.* ¶¶ 1, 36–37, 59, 82. Further, Plaintiffs allege that Defendant DPR Construction misled Mr. and Mrs. Martin into believing that Mrs. Martin would receive $391,000 in life

insurance benefits upon his death. *See id.* ¶¶ 1, 48–55. Following Mr. Martin's death, Mrs. Martin as sole beneficiary filed a claim for life insurance benefits. *See id.* ¶ 60. This claim was denied. *Id.* ¶¶ 61–63. Following the appeals process, Plaintiffs further allege that DPR Construction nonetheless entered into an agreement to pay Mrs. Martin $391,000 to avoid litigation. *Id.* ¶¶ 64–69, 122–125, 128. Mrs. Martin accepted the offer, but DPR Construction did not pay her. *See id.* ¶¶ 69, 123–125. Instead, DPR Construction later offered just 27% of the agreed-upon amount. *Id.* ¶¶ 3, 69.

Based on the facts, Plaintiffs allege three causes of action for (1) breach of fiduciary duty under ERISA § 502(a)(3); (2) benefits under ERISA § 502(a)(1)(B); and (3) breach of contract. *See* FAC ¶¶ 70–131.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

//

## III. ANALYSIS

Defendant DPR Construction's motion to dismiss is only as to Plaintiff's third cause of action for breach of contract. *See* Dkt. No. 39. Defendant urges that the contractual claim is preempted by ERISA, characterizing the breach of contract claim as one exclusively for ERISA benefits. *Id.* And in the alternative, Defendant contends that Plaintiffs have failed to allege all the elements of a breach of contract claim under California law. The Court disagrees.

*First*, the Court finds that the operative complaint contains sufficient facts to state a plausible breach of contract claim against DPR Construction. To prevail on a cause of action for breach of contract, the plaintiff must prove "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damage to plaintiff." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (Cal. Ct. App. 1990), *as modified on denial of reh'g* (Oct. 31, 2001). Here, the complaint alleges that Mrs. Martin and DPR Construction entered into a contract by which DPR Construction would pay Mrs. Martin $391,000 "in exchange for not pursuing litigation against DPR Construction or LINA." *See* FAC ¶ 64. Mrs. Martin did not pursue litigation as promised for approximately a year, but DPR breached the contract by failing to pay the agreed-upon amount. *See id.* ¶¶ 3, 69, 123–125. Mrs. Martin, who was suffering from her own health problems, alleges that she has been damaged by this lack of payment, and only then filed this action to enforce the parties' agreement. In doing so, Mrs. Martin has also incurred attorneys' fees and costs. *See id.* ¶¶ 130–131. Accepting all of Plaintiffs' allegations as true and construing them in the light most favorable to Plaintiffs, as the Court must, the complaint alleges each element of a breach of contract claim.

*Second*, the Court finds that this breach of contract claim is not preempted by ERISA. Under ERISA § 514(a), a state law cause of action is preempted if it "relates to" an employee benefit plan. *See* 29 U.S.C. § 1144(a). In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), the Supreme Court gave the phrase "relate to" its "broad, common-sense meaning." *Id.* at 47. A state law thus relates to an employee benefit plan "if it has a connection with or reference to a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). However, although ERISA preemption is broad, the Supreme Court has cautioned that courts "must go beyond the unhelpful text and the

frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of [preemption]." *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995).

The Ninth Circuit has further clarified that "Congress intended ERISA preemption to afford employers with uniform regulation of the complex arena of benefit plan administration." *Graham v. Balcor Co.*, 146 F.3d 1052, 1055 (9th Cir. 1998). In other words, preemption is related to the plan, not the intended benefits. The uniformity of plan administration is not at risk if an employer voluntarily enters into a separate agreement offering payment. The Ninth Circuit's opinion in *Graham v. Balcor* is instructive. In *Graham*, an employee received an unfavorable performance review and faced termination. *Id.* at 1054–55. After contesting the review and threatening litigation, the employee entered into an agreement with her employer whereby the employee promised not to pursue litigation in exchange for continued health care benefits through the employer's plan. *Id.* The Ninth Circuit held that the plaintiff's state law claims for breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress were not preempted because the agreement "was a settlement of legal claims which does not relate to an employee benefit plan." *Id.* The Court reasoned that "ERISA does not preempt the state claims arising from this legal settlement, the subject matter of which is employee benefits, because it does not implicate the administration of an employee benefit plan." *Id.* at 1055.

As in *Graham*, the alleged contract between DPR Construction and Mrs. Martin is separate and distinct from the ERISA policy and plan, and by its terms operates outside the ERISA policy and plan administration. Plaintiffs' breach of contract claim is therefore not preempted by ERISA "because it does not implicate the administration of an employee benefit plan." *Id.* DPR Construction may dispute the existence of this contract, but that is not a matter for the Court's consideration at the motion to dismiss stage.

**IV. CONCLUSION**

Accordingly, the Court **DENIES** the motion to dismiss. During the hearing, the Court also advised the parties to meet and confer and file a stipulated proposed scheduling order. *See* Dkt.

4

No. 53. The Court **DIRECTS** the parties to file this stipulated proposed scheduling order by January 6, 2020.

**IT IS SO ORDERED.**

Dated: 12/19/2019

_Haywood S. Gilliam, Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge